United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 23, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 04-50647
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JIM RICH, also known as Jimmie W. Rich, also known as Jimmie
Wilson Rich, also known as J. Rich,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:03-CR-129-1-LY
--------------------

Before REAVLEY, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Jim Rich was convicted by a jury of conspiracy to commit bank
fraud, bank fraud, conspiracy to commit money laundering, and money
laundering and was sentenced to concurrent 60-month terms of
imprisonment and to concurrent three-year periods of supervised
release. Rich was ordered to pay $5,015,500 in restitution. Rich
gave timely notice of his appeal.

Rich contends that the district court erred in failing to
prevent an Internal Revenue Service ("IRS") agent from giving his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

opinion on ultimate issues and in stating his legal conclusions in his testimony. Rich concedes that this court's review is for plain error. See United States v. Olano, 507 U.S. 725, 732 (1993).

Rich contends that the IRS agent's use of the words "fraud," "fraudulent," and "money laundering," in describing the definition of "money laundering" and in stating why Rich's conduct constituted money laundering, violated FED. R. EVID. 704(b). Plain error has not been shown. See United States v. Pettigrew, 77 F.3d 1500, 1516 & n.14 (5th Cir. 1996); United States v. Aggarwal, 17 F.3d 737, 743 (5th Cir. 1994).

Rich complains that, in defining the money-laundering offense, the IRS agent failed to explain the intent element of the money-laundering statute. Assuming error, Rich's substantial rights were not affected because counsel cross-examined the IRS agent on this issue and because the jury was instructed by the district court about the elements of the crime.

Rich contends that the IRS agent should not have been permitted to state his legal conclusions as to ultimate issues—that the conduct underlying the money-laundering counts was bank fraud and money laundering. Rule 704(a) "does not allow a witness to give legal conclusions . . . [and] determinations of guilt or innocence are solely within the province of the trier of fact." United States v. Izydore, 167 F.3d 213, 218 (5th Cir. 1999) (citation omitted). The IRS agent answered affirmatively when he was asked whether the transactions constituted money-laundering

under the federal statute.  Because these responses involved legal conclusions, the district court plainly erred in permitting this testimony.  See United States v. Williams, 343 F.3d 423, 435 (5th Cir. 2003).  This court does not have discretion to reverse the conviction, however, because in light of the testimony provided by Connie Rocha regarding the money laundering counts and the court's instruction regarding the law, Rich has not shown that his substantial rights were affected.  See id. at 435-36; see also Olano, 507 U.S. at 732.

Rich contends that his sentence was imposed in violation of the rule in Booker v. United States, 125 S. Ct. 738 (2005).  Rich concedes that this court's review is for plain error only.  See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), petition for cert. filed (U.S. Mar. 31, 2005) (No. 04-9517).  Although Rich can show that there were Booker errors and that the errors were plain, he cannot show that the errors affected his substantial rights.  See id. at 520-21.  There is no support in the record for concluding that the district court felt constrained by the then mandatory guideline-imprisonment range.  See id. at 521.  Accordingly, Rich's substantial rights were not affected.  See id.

AFFIRMED.